# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 689 | **DATE** | Dec. 17, 2001 |
| **CASE TITLE** | Elizabeth Kort  v  Diversified Collections | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☒ Status hearing reset to 1/16/02, at 9:00 a.m.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]
**Memorandum opinion and order entered. Accordingly, plaintiff's motion for class certification is denied as to count I and granted as to count II.**

(11) ☒ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 1 8 2001 | 22 |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | DOCKETING 01 DEC 17 PM 4: 34 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH KORT, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No.    01 C 0689 |
| v. | ) ) | Judge Robert W. Gettleman |
| DIVERSIFIED COLLECTIONS SERVICES, INC., a California corporation, | ) ) ) | |
| Defendant. | ) | |

DOCKETED
DEC 1 8 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff Elizabeth Kort has brought a two count punitive class action complaint against defendant Diversified Collections Services, Inc., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. In Count I plaintiff alleges that defendant sent her a "Notice Prior to Wage Withholding" letter stating that unless she established a written repayment agreement by March 6, 2000, a garnishment order would be issued to her employer requiring a deduction of up to 10% of her paycheck. The letter was dated February 5, 2000, but not postmarked until February 7, 2000, which was less than 30 days before the threatened garnishment. Plaintiff alleges that the letter thus violates the FDCPA.

In Count II, plaintiff alleges that the letter violates the FDCPA by falsely representing that the recipient has an affirmative duty to supply "written proof" of his or her employment history to take advantage of an exception to the garnishment for those consumers who have been involuntarily

separated from employment.[1]  Plaintiff has moved for certification of a single class for both counts defined as "all consumers who, according to Defendant's records reside in the State of Illinois and meet the following criteria: (a) within one year prior to the filing of this action; (b) were sent a collection letter: (c) materially identical in form to the collection letter at issue; (d) which sought to collect an alleged debt for the Illinois Student Assistance Commission; and (e) which was not returned by the postal service as undelivered.  For the reasons set forth below, the motion is denied as to Count I and granted as to Count II.

## Discussion

Fed. R. Civ. P. 23, which governs class actions, requires a two step analysis to determine whether class certification is appropriate.  First, plaintiff must satisfy all four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation.  These elements are a prerequisite to certification, and failure to meet any one of them precludes certification of the class.  Second, the action must also satisfy one of the conditions of Rule 23(b).  Joncek v. Local 714 International of Teamsters Health and Welfare Fund, 1999 WL 755051 at *2 (N.D. Ill. 1999) (and cases cited therein).  Plaintiff argues that the proposed class meets the requirements of Rule 23(b)(3).

## I. Rule 23(a)

### (1) Numerosity

Under Rule 23(a)(1), plaintiff must show that the class is so numerous that joinder of all members is impracticable.  The exact number of class members need not be pleaded or proved, but

---

[1]A more complete explanation of plaintiff's claims can be found in this court's memorandum opinion and order denying defendant's motion to dismiss. Kort v. Diversified Collection Services, Inc., 2001 WL 88149 (N.D. Ill. 2001).

impracticability of joinder must be positively shown and cannot be speculative. Id. at *3. With respect to Count II, which is based entirely on the wording of a form letter, numerosity is easily shown (and not contested by defendant). Count I, however, is much more problematic. Count I is based not on the language of the form letter, which would be identical to every recipient, but rather upon a comparison between the dates inserted into each letter. Plaintiff has a claim because the date the letter indicated garnishment would start was actually 28 days (instead of the required 30) from the date the letter was postmarked. This discrepancy arose because the letter was dated February 5, but not postmarked until February 7.

Plaintiff has provided no evidence that any other consumer received a letter postmarked later than it was produced, or that any other consumer received a letter indicating that garnishment would begin less than 30 days from the date the letter was sent. Plaintiff's proposed class of any consumers who received a letter substantially similar to the one plaintiff received is entirely too broad for Count I, because it includes consumers who have no claim under Count I. Under Rule 23(c)(4) this court has the authority to narrow the class, or to create a subclass of consumers who received letters indicating that garnishment would begin less than 30 days from the date the letter was sent; but it would be inappropriate to do so in the instant case because plaintiff has failed to provide any evidence that such a subclass is so numerous that joinder is impracticable.[2]

(2) Commonality and Typicality

Commonality generally requires the presence of questions of law or fact common to the class.

---

[2]Plaintiff's only response to defendant's challenge to numerosity is to argue to that the court in Sanders v. OSI Education Serv. Inc., 2001 WL 883608 (N.D. Ill. 2001), certified a class for the same claims at issue in the instant case. This court respectfully disagrees with the Sanders decision.

The Rule does not mandate absolute commonality; a common nucleus of operative fact is usually enough to satisfy the requirement. Id. at *4. Typicality is satisfied if a plaintiff's claim arises from the same event or practice or course of conduct that gives rise to the claim of the other class members, and if the claims are based on the same legal theory. Id. Because commonality and typicality are closely related, a finding of one often results in the finding of the other. Id.

With respect to Count I, plaintiff has failed to establish either commonality or typicality for the same reasons she has failed to establish numerosity. Because Count I does not claim that the standardized language of the letter contained erroneous information, but rather is based on the dates inserted into each individual letter and when the letter was mailed, and because plaintiff has not alleged that defendant has engaged in a pattern or practice of sending letters that threaten garnishment in less than 30 days, plaintiff has not established either commonality or typicality.

Defendant challenges plaintiff's ability to establish typicality with respect to Count II. First, defendant argues that because Count II is based on plaintiff's claim that the letter misstated the exemption from garnishment for involuntary unemployment, the class must be limited to those individuals who qualified for the exemption. Next, defendant argues that plaintiff's deposition testimony demonstrates that she understood the exemption and was not confused by the letter, making her an atypical recipient.

Defendant is wrong on both accounts. First, every consumer who received the letter has a claim under Count II regardless of whether that consumer actually qualified for the exception. Count II claims that the letter is misleading, resulting in a violation of the FDCPA, entitling the class to statutory damages. Proof of actual damages is not required for an award of statutory damages. Baker v. G. C. Services Corp., 677 F.2d 775, 780-81 (9th Cir. 1982). Moreover, the FDCPA is a

strict liability statute, and claims against debt collectors are viewed objectively through the eyes of the "unsophisticated consumer." Randle v. GC Services Corp., 181 F.R.D. 602 (N.D. Ill. 1998). Thus, whether plaintiff was actually confused is irrelevant. Accordingly, the court concludes that plaintiff has established typicality for Count II.

### 3. Adequacy of Representation

The adequacy of representation requirement has three elements: 1) the chosen class representative cannot have antagonistic or conflicting claims with other members of the class; 2) the named representative must have a sufficient interest in the outcome to ensure vigorous advocacy; and 3) counsel for the named plaintiff must be competent, experienced, qualified, and generally able to conduct the proposed litigation vigorously. Joncek, 1999 WL 755051 at *6-7. Defendant argues that the fact that plaintiff was unaware that the case was filed as a class action and that plaintiff's counsel did not explain the consequences of rejecting defendant's Rule 68 offer, indicates that counsel rather than plaintiff are acting as the class representatives. Plaintiff's deposition, however, does not support this claim, and the court concludes that she is sufficiently knowledgeable about the case to represent the class. See Eagleston v. Chicago Journeyman Plumbers' Local No. 130, 657 F.2d 890, 896 (7th Cir. 1981) (requirement of knowledge of the case is slight). Moreover, there is no question that plaintiff's counsel is qualified and capable of conducting the class litigation.

## II. **Rule 23(b)(3)**

Under Rule 23(b)(3) the questions of law or fact common to the class must "predominate over any questions affecting only individual members," and a class action must be superior to other available methods for the fair and efficient adjudication of the controversy. Claims such as that alleged in Count II, which deal with the legality of a form or standardized document, are particularly

appropriate for class certification. Accordingly, the court concludes that the question whether defendant's form letter falsely represents that the consumer has an affirmative duty to supply written proof of his or her employment violates the FDCPA is a common question that predominates over any individual issues.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for class certification is denied as to Count I and granted as to Count II. The status conference set for December 19, 2001, is cancelled. The parties are directed to confer and present a form of class notice consistent with this opinion on January 16, 2001, at 9:00 a.m.


**ENTER:** **December 17, 2001**


**Robert W. Gettleman**
**United States District Judge**